Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Who Decides War, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHO DECIDES WAR, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> 884886 CH STORE, ALL-IN-ONE STORE, AWAKE STORE, BAFANGLAI STORE, BOBO HANDSOME STORE, CAIKANGMAOYI, CHENYOOU STORE, CHONGQING RUILAN TECHNOLOGY CO., LTD., CHOSEN-ERD-STORE STORE, DESERT SPRING, DONGGUAN XUANYANG FASHION GARMENT CO., LTD., FOREST EAGLE STORE, FOSHAN NANHAI YOUPIN CHAOPAI CLOTHING STORE, FOSHAN NANHAI YUNSHANG CHENGPIN CLOTHING STORE (INDIVIDUAL BUSINESS), GOOGO STORE, GUANGXI BEILIU YUEN TRADING CO., LTD., GUANGZHOU BAIYUN JINSHA YANGWANG BOUTIQUE STORE, GUANGZHOU BEICHAO CLOTHING CO., LTD., GUANGZHOU BOXU TRADING CO., LTD., GUANGZHOU HEPBURN INTERNATIONAL TRADE CO., LTD., GUANGZHOU KEKE CLOTHING CO., LTD, GUANGZHOU LANGSHI GARMENT CO., LTD., GUANGZHOU LUXI | Civil Case No. 25-cv-682 (JAV) <br><br> ~~[PROPOSED]~~ SECOND 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY |

CLOTHING CO., LTD, GUANGZHOU MIFU TRADING CO., LTD., GUANGZHOU PICKUP PURCHASE CLOTHING CO., LTD., GZHOUJIQINGSHANGMAOYOUXIANG, HONG DA STORE, HUAINAN HOWEAR TRADING CO., LTD., HUILUOSHANGMAO, HUIMASHANGMAOYY, JINJIANG LONGHU JINMO SHOE INDUSTRY FIRM, JKONE STORE, JUAN LI, LANTMC STORE, LIDAN, LIU&#39;S TRENDY CLOTHING STORE, LUCKY GIRL 168 STORE, MEN FIRST CHOICE STORE, MMY MONSTERS STORE STORE, MR-WARDROBE STORE, PANG-1983 STORE, PEACEFUL EARTH STORE, PROFESSIONAL DROP SHIPPING 01 STORE, SHOP1102648882 STORE, SHOP1102960245 STORE, SHOP1103778186 STORE, SHOP1103850860 STORE, SHOP1103857788 STORE, SHOP1103932176 STORE, SHOP1103994662 STORE, SIMPLE-CAT STORE, SMILE 666 STORE, SOON STORE, WARDROBE 180212 STORE, WORLD START STORE, XUNNIWOTA, YIWU HUIYU E-COMMERCE FIRM, YIWU LIQIN TRADING CO., LTD., Y-M STORE, YU EN STORE and YUJIANG LEYOU CLOTHING STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or WDW** | Who Decides War, LLC |
| **Defendants** | All-in-One Store, mr-wardrobe Store and Yiwu Huiyu E-Commerce Firm |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Best Dec.** | Declaration of Everard Best in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **WDW Products** | Men's and women's apparel, shoes and accessories that combine intricate embroidery, distressed detailing, powerful graphics and |

| | |
|---|---|
| | blend high fashion with streetwear |
| **WDW Marks** | U.S. Trademark Registration Nos.: 6,076,083 for "WHO DECIDES WAR" for a variety of goods in Classes 18 and 25;  and 7,308,514 for "  " for a variety of goods in Class 25 |
| **WDW Work** | U.S. Copyright Registration No.: VA 2-327-231 covering "Stained Glass Logo" |
| **Counterfeit Products** | Products bearing or used in connection with the WDW Marks and/or WDW Work, and/or products in packaging and/or containing labels bearing the WDW Marks and/or WDW Work, and/or bearing or used in connection with marks and/or artwork that are confusingly and/or substantially similar to the WDW Marks and/or WDW Work, and/or products that are identical or confusingly similar to the WDW Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress and/or Walmart Marketplace as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) ("Alipay"), Walmart Pay, PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service** | Online marketplace platforms, including, without limitation, |

| | |
|---|---|
| **Providers** | Alibaba, AliExpress and/or Walmart Marketplace, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Everard Best and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Who Decides War, founded by Plaintiff in 2016, is a successful line of men's and women's apparel, shoes and accessories which are distributed through various channels of trade in the United States and abroad ("WDW Brand"). The WDW Brand is recognized for its pieces that combine intricate embroidery, distressed detailing, powerful graphics and blend high fashion with streetwear.

2. The WDW Products are marketed under the WDW Marks.

3. The WDW Products are sold worldwide through major retailers and online marketplaces, including, but not limited to Neiman Marcus, FARFETCH, Saks Fifth Avenue and many others.

4. The WDW Products are also sold direct to consumer via WDW's official website,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

https://whodecideswar.com/.

5. Since the launch, the WDW Brand and WDW Products have been featured in numerous press publications, including but not limited to Complex, Essence, Forbes and Highsnobriety, among others.

6. The WDW Products typically retail for between $150.00 - $5,000.00.

7. While WDW has gained significant common law trademark and other rights in its WDW Products through use, advertising and promotion, WDW also protected its valuable rights by filing for and/or obtaining federal trademark registrations.

8. For example, WDW is the owner of the WDW Marks (i.e., U.S. Trademark Registration Nos. 6,076,083 for "WHO DECIDES WAR" for a variety of goods in Classes 18 and 25 and 7,308,514 for  " for a variety of goods in Class 25).

9. The WDW Marks are currently in use in commerce in connection with the WDW Products.

10. In addition, WDW is also the owner of a registered copyright in and related to the WDW Products.

11. For example, WDW owns the WDW Work (i.e. U.S. Copyright Registration No. VA 2-327-231 covering Stained Glass Logo).[2]

12. The success of the WDW Products is due in part to WDW's marketing and promotional efforts. These efforts include advertising and promotion through social media, retailer websites and internet-based advertising and placement of the WDW Products at authorized

---

[2] Although the copyright certificate for the WDW Work lists Ev Bravado LLC as the copyright claimant, the copyright assignment unequivocally evidences that Plaintiff is in fact the current true and correct owner of the WDW Work. *See* Complaint, Ex. D.

major retail outlets, both domestically and abroad, including New York.

13. WDW's success is also due to its use of the highest quality materials and processes in making the WDW Products.

14. Additionally, WDW owes a substantial amount of the success of the WDW Products to its consumers and word-of-mouth buzz that its consumers have generated.

15. WDW's efforts, the quality of the WDW Products and the word-of-mouth buzz generated by its consumers have made the WDW Marks, WDW Work and WDW Products prominently placed in the minds of the public. Members of the public and retailers have become familiar with the WDW Marks, WDW Work and WDW Products and have come to associate them exclusively with WDW. WDW has acquired a valuable reputation and goodwill among the public as a result of such associations.

16. WDW has gone to great lengths to protect its interests in the WDW Products, the WDW Marks and the WDW Work. No one other than WDW and its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the WDW Marks and/or WDW Work or use the WDW Marks and/or WDW Work in connection with goods or services or otherwise, without the express permission of WDW.

17. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying and/or offering for sale Counterfeit Products through Defendants' User Accounts and Merchant Storefronts with Alibaba, AliExpress, and/or Walmart Marketplace (see **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings).

18. Defendants are not, nor have they ever been, authorized distributors or licensees of the

WDW Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the WDW Marks and/or WDW Work, nor has Plaintiff consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the WDW Marks and/or WDW Work.

19. Plaintiff is likely to prevail on its Lanham Act, Copyright Act and related common law claims at trial.

20. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

    a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the WDW Marks and/or WDW Work; and

    b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill and that Plaintiff may suffer loss of sales for the WDW Products.

21. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the WDW Marks and/or WDW Work and to its reputation if a temporary restraining order is not issued.

22. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its WDW Marks and/or WDW Work, and to protect the public

from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as WDW Products.

### ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.    Temporary Restraining Order

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for ninety (90) days[3] from this order, and for such further period as may be provided by order of the Court:

1)    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the WDW Marks and/or WDW Work and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the WDW Marks and/or WDW Work;

2)    directly or indirectly infringing in any manner Plaintiff's WDW Marks and/or WDW Work;

3)    using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's WDW Marks and/or WDW Work to identify any goods or service not authorized by Plaintiff;

4)    using Plaintiff's WDW Marks and/or WDW Work and/or any other marks and/or artwork that are confusingly and/or substantially similar to the WDW Marks and/or WDW Work on or in connection with Defendants' manufacturing, importing,

---

[3] The Court finds, pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, that good cause exists to extend this temporary restraining order because, in the Court's experience, service in this type of case is complex and unlikely to be effectuated within fourteen days.

exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5)   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6)   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7)   effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8)      knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) and I(C)(1) below.

B.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for ninety (90) days from the date of this order, and for such further period as may be provided by order of this Court:

1)      secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for ninety (90) days from the date of this order, and for such further period as may be provided by order of this Court:

1)      instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) and I(C)(1) above.

## II.     Asset Restraining Order

A.   IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority

to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and Defendants' Assets and shall provide written confirmation of such attachment to Plaintiff's counsel.

### III.   Order Authorizing Alternative Service by Electronic Means as to the Third Party Service Providers and Financial Institutions

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2)   delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where Alipay will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

3)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

4)   delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where Walmart Marketplace and Walmart Pay will be able to download a PDF copy of this Order via electronic mail to trolegalcomms@walmartlegal.com;

5)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

6)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com; and

7)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

### IV.    Order Authorizing Expedited Discovery

A.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)      Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.  their true name and physical address;

    b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

    c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    e.  the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2)      Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern

and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)    Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a.  account numbers;

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

11

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit

12

Products, or any other products bearing the WDW Marks and/or WDW Work and/or marks that are confusingly similar to, identical to and constitute an infringement of the WDW Marks and/or WDW Work.

**V.    Security Bond**

A.  IT IS FURTHER ORDERED that the $25,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

**VI.    Status Update**

A.  IT IS FURTHER ORDERED that Plaintiff shall file a status letter with updates and proposed next steps no later than **March 25, 2025**, and every sixty days thereafter, until the Court orders otherwise.

**VII.    Extension of Temporary Restraining Order**

A.  IT IS FURTHER ORDERED that this Order will continue to remain in full force and effect for ninety (90) days, until modified by further Order, or until service of Defendants via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters is effectuated.

**SO ORDERED.**

SIGNED this ___6th___ day of ___March___, 2025, at ___5:36___ p.m.

_____
HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE