UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHO DECIDES WAR, LLC,

Plaintiff,

-v-

884886 CH STORE, et al.,

Defendants.

25-CV-00682 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Who Decides War, LLC ("Plaintiff" or "Who Decides War") is an apparel company that distributes its products under the WDW Mark in the United States and abroad. ECF No. 9, ¶ 5, 7. Plaintiff alleges that Defendants, who are all located in China, infringe on Plaintiff's marks by selling and distributing counterfeit WDW products worldwide, including in the United States. ECF No. 9, ¶¶ 39-40. On September 14, 2026, Plaintiff filed a motion for alternative service. ECF No. 51. For the reasons that follow, that motion is GRANTED.

On January 24, 2025, the Court entered an Order granting Plaintiff's request for a Temporary Restraining Order ("TRO Order") which, *inter alia*, permitted alternative service as to all Defendants. ECF No. 3. The TRO Order instructed Plaintiff to effectuate service by "delivery of: (i) PDF copies of this Order together with the Summons and Complaint and all papers filed in support of Plaintiff's Application, and (ii) a link to a secure website . . . where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba, AliExpress and Walmart Marketplace pursuant to Paragraph V(C)." *Id.*, at 11.

On February 22, 2025, Plaintiff's counsel attempted service on Defendants through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). ECF No. 52 ("Levine Decl."), ¶ 3; *see also* ECF No. 28, at 1. On or about June 2, 2026, Plaintiff's counsel received notice that Hague service was unsuccessful for certain Defendants (hereinafter the "Unsuccessful Hague Defendants").[1] *Id.*, ¶¶ 4-5. Plaintiff's counsel further states that "[a]lthough Plaintiff had located physical addresses for the Unsuccessful Hague Defendants and attempted Hague service, Hague service failed because the Unsuccessful Hague Defendants' companies were not located at the respective addresses and the recipients could not be reached by phone or otherwise." *Id.*, ¶ 6. Plaintiff's counsel then completed several diligence steps and confirmed that it could not independently locate alternative addresses for the Unsuccessful Hague Defendants.[2] *Id.*, ¶ 7.

---

[1] The Unsuccessful Hague Defendants include: Bafanglai Store, BOBO Handsome Store, CaiKangMaoYi, Chongqing Ruilan Technology Co., Ltd., Chosen-ERD-Store Store, Desert Spring, Foshan Nanhai Youpin Chaopai Clothing Store, Guangzhou Baiyun Jinsha Yangwang Boutique Store, Guangzhou Boxu Trading Co., Ltd., Guangzhou Hepburn International Trade Co., Ltd., Guangzhou Luxi Clothing Co., Ltd, Guangzhou Mifu Trading Co., Ltd., Huainan Howear Trading Co., Ltd., HuiLuoShangMao, Jinjiang Longhu Jinmo Shoe Industry Firm, jkone Store, juan li, LanTMC Store, LIDAN, Lucky Girl 168 Store, Men First Choice Store, MMY Monsters Store Store, Peaceful Earth Store, Professional Drop Shipping 01 Store, Shop1102648882 Store, Shop1102960245 Store, Shop1103778186 Store, Shop1103850860 Store, Shop1103857788 Store, Shop1103932176 Store, Shop1103994662 Store, Wardrobe 180212 Store, xunniwota, Yiwu Huiyu E-Commerce Firm and Y-M Store.

[2] Plaintiff attests that these diligence steps were as follows: "First, Epstein Drangel's Beijing office used baidu.com, which is one of the most popular search engines in China to attempt to locate and/or confirm the accuracy of Defendants' addresses. Next, Epstein Drangel's Beijing office conducted a search with Defendants' Merchant Storefront names on a Chinese company registration website QiChaCha, i.e. qcc.com. Epstein Drangel's Beijing office confirmed that this website is reliable as all of the information displayed on this website is sourced from official websites such as the National Enterprise Credit Information Publicity System, China Copyright Protection Center, China National Intellectual Property Administration, China Judicial Documents Website and other official websites. Next, Epstein Drangel's Beijing office conducted a further search on the National Enterprise Credit Information Publicity System (https://www.gsxt.gov.cn/index.html), which is the most reliable source for providing company registration information. The organizer of this website is the China National Market Supervision and Administration." Levine Decl., at ¶ 7 n.2.

Plaintiff now argues that because Hague service on the Unsuccessful Hague Defendants' known addresses failed and alternative addresses for them could not be found, the addresses of the Unsuccessful Hague Defendants are "effectively unknown." ECF No. 53, at 3. Accordingly, Plaintiff asks this Court to authorize service via email upon the Unsuccessful Hague Defendants. *Id.*, at 2.

As a threshold matter, although "the Hague Service Convention does not permit email service on the China-based defendants," the Convention does not apply when "the address of the person to be served with the document is not known." *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 166, 168 (2d Cir. 2025). "Courts in this Circuit and in others have concluded that an address is 'not known' 'if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so.'" *Foxmind Canada Enters. Ltd. V. APROAT*, No. 25-CV-5837 (JSR), 2026 WL 412645, at *3 (S.D.N.Y. Feb. 13, 2026) (quoting *Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22-CV-0558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022)). Reasonable diligence requires that a plaintiff "actively, though unsuccessfully, attempted to obtain [a defendant's] address in a variety of ways." *Prediction Co. v. Rajgarhia*, No. 09-CV-7459 (SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010).

Here, Plaintiff has demonstrated sufficient diligence after attempting—and failing—to locate the Unsuccessful Hague Defendants at their listed physical addresses. *See* Levine Decl., ¶¶ 4-5. Plaintiff has further shown additional diligence in trying to contact and find alternative addresses for the Unsuccessful Hague Defendants, including looking up Defendants in multiple public registries, but to no avail. *See* Levine Decl., ¶¶ 6-7. Other courts have found such efforts sufficient. *See, e.g.*, *Prediction*, 2010 WL 1050307, at *2 (finding address was "not known,"

rendering the Hague Convention inapplicable, where plaintiff had "actively, though unsuccessfully, attempted to obtain [defendant's] address in a variety of ways"); *Ningbo Langyan Agel E-Com. Ltd. v. Corps., Ltd. Liab. Companies, Partnerships & Unincorporated Associations Identified on Schedule "a,"*, No. 25-CV-00058 (JAV), 2026 WL 1494042, at *1 (S.D.N.Y. May 28, 2026) ("Reasonable diligence is exercised where the plaintiff has utilized the tools at its disposal in an attempt to find a current physical address, including through discovery, researching the defendant's website or other internet sources, calling known phone numbers, or conducting in-person investigations."). Given Plaintiff's reasonable attempts to locate and serve the Unsuccessful Hague Defendants, the Hague Convention is inapplicable here.

Under Federal Rule of Civil Procedure 4(f), service may be effected upon individuals in foreign countries by: (1) "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention]"; (2) certain "method[s] that are reasonably calculated to give notice"; or (3) "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). Rule 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed in Rule 4(f).

"[T]he decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Ultra Int'l Music Publ'g, LLC v. Sony Music Ent.*, No. 24-CV-9149 (RA) (GS), 2025 WL 670842 (S.D.N.Y. Mar. 3, 2025) (citation omitted). When exercising that discretion, courts consider two threshold requirements: "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019) (citation omitted). Service ordered pursuant to Rule 4(f)(3) "must also comport with Constitutional requirements of

due process." *Halvorssen v. Simpson*, 328 F.R.D. 30, 34 (E.D.N.Y. 2018).

Both requirements are met here. First, as explained above, Plaintiff "reasonably attempted to effectuate service on the defendant[s]" and sought to identify alternative addresses by which to serve them. *Link Motion Inc.*, 385 F. Supp. 3d at 220. Second, given the various good faith attempts to effect service and the diligence with which Hague Convention service was pursued, court intervention permitting alternative service is necessary here. *See Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, No. 22-CV-5055 (ER), 2024 WL 3013759, at *5 (S.D.N.Y. June 13, 2024) (holding that "[c]ourts have regularly ordered alternative service where, as here, a plaintiff has attempted to serve a defendant pursuant to the Hague Convention, but a country's central authority has been unable or unwilling to effect service").

Having established an entitlement to Rule 4(f)(3) service, Plaintiff must further demonstrate that the alternative method of service requested "comport[s] with Constitutional requirements of due process." *Halvorssen*, 328 F.R.D. at 34. "[T]he Due Process Clause . . . requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Oneida Indian Nation of N.Y. v. Madison Cty.*, 665 F.3d 408, 428 (2d Cir. 2011) (citation omitted). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. Pecon Software Ltd.*, No. 12-CV-7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (citations omitted).

Here, Plaintiff obtained the Unsuccessful Hague Defendants' email addresses from the online retailers they operated from, including Alibaba, AliExpress, and/or Walmart Marketplace. *See* Levine Decl., ¶8. Given that these emails originate from the "online platforms with which Defendants registered user accounts and conducted their alleged counterfeiting scheme," the

Court concludes that Plaintiff has established a sufficient likelihood that the Unsuccessful Hague Defendants will receive service at their identified email addresses. *Moonbug Ent. Ltd. v. ABDG Store*, No. 22-CV-2386 (RA), 2025 WL 1796242, at *4 (S.D.N.Y. June 30, 2025) (citation omitted); *see also Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-CV-2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (holding email service on online retailers sufficient on due process grounds). Thus, the Court concludes that email service satisfies due process.

Accordingly, the Motion is GRANTED. The Clerk of Court is directed to terminate ECF No. 51.

SO ORDERED.

Dated: October 20, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge